IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| T.S., by and through his parents and guardians, T.M.S. and M.S., individually and derivatively on behalf of the Heart of CarDon, LLC Employee Benefit Plan,<br><br>Plaintiff,<br><br>vs.<br><br>HEART OF CARDON, LLC, and HEART OF CARDON, LLC EMPLOYEE BENEFIT PLAN,<br><br>Defendants. | NO. |

**COMPLAINT**

For years, children diagnosed with autism spectrum disorder ("ASD") had few therapeutic options for meaningful improvement. Treatment options were limited and largely unproven. Today, however, Applied Behavioral Analysis ("ABA") therapy is widely recognized as one of the safest and most effective treatments for autism. It has been endorsed by numerous state and federal agencies, including the U.S. Surgeon General, the National Institute of Mental Health, the American Psychological Association, and various state departments of health. For many children with autism, ABA therapy often represents the best chance for living a happy and productive life.

T.S. is a four-year-old child who has spoken only a few words. He exhibits behaviors like pinching and biting and has challenges in speech and personal-social interaction and communication. After T.S. started ABA therapy, his parents observed that he was quickly

acquiring new skills, like pointing and looking at what others pointed to, and engaging in less pinching and biting behavior.

Defendants Heart of CarDon, LLC Employee Benefit Plan and Heart of CarDon, LLC, the Plan's sponsor, initially pre-authorized coverage of T.S.'s ABA therapy. But a few months later, and despite T.S.'s dramatic improvement, the Plan began denying all coverage for T.S.'s ABA therapy. Unable to afford the costs of ABA therapy on their own, T.S.'s parents were forced to take him out of treatment in February 2019. T.S.'s parents appealed the Plan's decision through the administrator and scrambled to apply for Indiana's Medicaid waiver program so they could get their son back into ABA therapy. T.S. was not able to obtain coverage under a state program and return to ABA therapy until nearly a year later. By that time, T.S.'s mother observed that he had already fallen behind other children his age living with ASD.

Defendants' failure to cover ABA therapy and other services to treat ASD violates the Federal Mental Health Parity Act, the requirements of which are incorporated into the Plan itself. T.S. brings this action to recover the value of the ABA therapy services he was wrongfully denied and to obtain a declaration requiring the Plan to cover medically necessary treatments for ASD in the future.

## I.  PARTIES

1.1   T.S. is the four-year-old son and dependent of T.M.S. and M.S., and resides in Monroe County, Indiana. T.S. is a beneficiary, as defined by the Employment Retirement Security of Act of 1974 (ERISA) § 3(8), 29 U.S.C. § 1002(8), of the Heart of CarDon, LLC Employee Benefit Plan. T.S.'s coverage is through T.M.S.'s employment with CarDon.

1.2     Defendant Heart of CarDon, LLC Employee Benefit Plan ("Plan") is an employee welfare benefit plan under ERISA. The Plan is a self-funded group plan that provides both medical/surgical benefits and mental health/substance use disorder benefits to CarDon employees and their dependents, such as T.S.

1.3     Defendant Heart of CarDon, LLC ("CarDon") is the "Plan Sponsor" and is a named fiduciary under ERISA.

1.4     Lucent Health Solutions ("Lucent"), formerly Cypress Benefit Administrators LLC ("Cypress") is the third-party administrator of the Plan.

## II.  JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

2.2     Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because a defendant resides or may be found in this district, T.S. resides in this district, and injuries giving rise to the suit occurred in this district.

2.3     In conformity with 29 U.S.C. § 1132(h), Plaintiff has served this complaint by certified mail on the Secretary of Labor and the Secretary of Treasury.

## III.  ASD & ABA THERAPY

3.1     Autism spectrum disorders, also referred to as pervasive developmental disorders, are neurological conditions characterized by "persistent deficits in social communication and social interaction across multiple contexts" and "restricted, repetitive patterns of behavior, interests, or activities." Am. Psychiatric Ass'n, Autism Spectrum Disorder, *Diagnostic and Statistical Manual of Mental Disorders* (5th ed. 2013) ("DSM-V"). For a child to

be diagnosed with autism, symptoms must be present in early developmental periods and cause "clinically significant impairment in social, occupational, or other important areas of current functioning." *Id.*

3.2     Applied Behavioral Analysis ("ABA") therapy is widely accepted as the most effective form of therapy for autistic children. Caroline Giordano, *Uses of the Class Action Device in Autism Health Benefits Litig.*, 58 Wayne L. Rev. 157, 161 (2012). ABA therapy is a form of behavioral conditioning that "involves repetitive, task-and-reward-based activities designed to teach children skills such as imitating others, making eye contact, listening, and appropriately answering questions." *Id.*

### IV.  THE FEDERAL PARITY ACT

4.1     On October 3, 2008, Congress passed the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, commonly known as the Federal Mental Health Parity Act. The Federal Parity Act expanded the scope of previous federal legislation on access to mental health coverage and was "designed to end discrimination in the provision of coverage for mental health and substance use disorders, as compared to medical and surgical conditions." *Coalition for Parity v. Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010). The Federal Parity Act requires that the exclusions and limitations imposed on mental health services are "no more restrictive" than those applied to substantially all medical and surgical benefits. *See* 29 U.S.C. § 1185a(a)(3); 42 U.S.C. § 300gg-5(a)(3); 26 U.S.C. § 9812(a)(3). The Federal Parity Act took effect as of October 3, 2009.

## V.  FACTUAL ALLEGATIONS

5.1     T.S. is a four-year-old child who was diagnosed with autism spectrum disorder in September 2018 by Jordan Huskins, M.D., at the Riley Hospital for Children.

5.2     Dr. Huskins has recommended ABA therapy as medically necessary for T.S. to achieve developmental advances and maintain his gross and fine motor and speech and communication skills. *See* Appendix A.

5.3     T.S.'s has received ABA therapy at the HopeBridge Autism Therapy Center in Bloomington, Indiana.

5.4     On November 29, 2018, the Plan's third-party administrator at the time, Indiana University Health Plans, sent a notice to T.S.'s ABA therapy provider pre-authorizing six months of ABA therapy services. *See* Appendix B.

5.5     T.S. began receiving ABA therapy treatments at HopeBridge pursuant to that authorization in December 2018.

5.6     Molly Ellis, BCBA, provided ABA therapy to treat T.S.'s identified diagnoses of ASD (F84.0), and Global Developmental Delay (F88.0). These conditions are all listed in the "Mental, Behavioral and Neurodevelopmental Disorders" chapter of the International Statistical Classification of Diseases and Related Health Problems, 10th Revision, known as the ICD-10. *See* Appendix C. These conditions all correspond to specific mental health conditions listed in the latest version of the Diagnostic and Statistical Manual of Mental Disorders ("DSM").

5.7     On January 1, 2019, the Plan's third-party administrator changed to Cypress Benefit Administrators LLC ("Cypress"). Cypress sent an Explanation of Benefits dated March 14, 2019, denying coverage for T.S.'s ABA therapy services. *See* Appendix D.

5.8 When T.S.'s claims were first submitted to Cypress, the claim were denied on the following basis: "insurance update needed from member." *Id.*

5.9 T.S.'s mother spent months trying to provide the "insurance update" requested. In June 2019, Cypress issued new Explanation of Benefits documents denying coverage for T.S.'s ABA therapy and listing as a reason: "No benefits allowed for this service/diagnosis. See the General Exclusions under your plan." *See* Appendix E. This reason was not given in the original Explanation of Benefits documents Cypress issued.

5.10 Neither coverage for ASD or ABA therapy are addressed in the section of the Plan entitled "General Limitations and Exclusions." *See* Appendix F at 44.

5.11 Instead, in section entitled "Exclusions" under the section Medical Benefits, the Plan states: "Some healthcare services not covered by the Plan." In a further subsection entitled "Behavioral Health," the plan lists as excluded: "Charges for services, supplies, or treatment for Autism, Asperger's and Pervasive Developmental Disorders" and "Charges for Applied Behavior Analysis (ABA Therapy)." *Id.* at 104.

5.12 In August 2019, T.S.'s mother appealed the benefits determinations to Cypress under the terms of the Plan. *See* Appendix G.

5.13 The Plan provides that appeals will be resolved within 30 days. Appendix F at 56.

5.14 ***The Plan did not respond to T.S.'s appeal for seven (7) months.*** On March 31, 2020, Lucent Health Solutions, sent T.S.'s counsel a letter stating that the claims were correctly denied because they are not covered under the terms of the Plan. *See* Appendix H.

5.15 T.S. has exhausted his administrative remedies.

5.16 T.S. requires ABA services to treat his developmental mental health conditions.

5.17   T.S. did not receive ABA therapy from February 2019 through March 2020 because his parents could not afford to pay for the therapy without insurance.

5.18   ABA services are outpatient "mental health services" under the terms of the Plan and state and federal law. *See* 29 U.S.C. § 1185a(e)(4).

5.19   The Plan, however, had denied all coverage of ABA therapy to treat ASD.

5.20   The Plan's exclusion of all coverage for ABA therapy to treat ASD violates the Mental Health Parity Act, both facially and as applied.

5.21   ***Facially,*** the Plan violates the Parity Act by applying a separate exclusion of all coverage of "behavioral health" services to treat ASD. 29 U.S.C. § 1185a(a)(3)(A)(ii). On its face, the Plan excludes only mental health services to treat ASD.

5.22   According to the literal terms of the Plan, this exclusion is not a "permanent exclusion of all coverage" for a particular condition. *See* 29 C.F.R. § 2590.712(c)(2)(i).

5.23   The Plan covers various medical/surgical services to treat ASD, including development delay and ASD screening/diagnostic services, prescription drugs, and pediatric visits.

5.24   Specifically, the Plan covers the two prescription medications approved by the FDA to treat ASD, Risperadal and Abilify, without any limitation based on diagnosis. *See* Appendices I, J, K.

5.25   The Plan also violates the Parity Act ***as applied***. Based on T.S.'s administrative record and the plan documents, the Plan only excludes ABA therapy to treat ASD while generally covering all outpatient medical/surgical services. As such, the exclusion is a "separate

treatment limitation . . . that [is] applicable only with respect to mental health or substance use disorder benefits." 29 U.S.C. § 1185a(a)(3)(A)(ii).

5.26    Alternatively, the Plan does not apply its exclusion of ABA therapy to treat ASD "at parity" with its coverage of all outpatient medical/surgical services. *Id.* The Plan's decision to impose an ABA therapy exclusion—without evaluating the service for efficacy, medical necessity, or whether it is "experimental/investigational"—was not "at parity" with its processes and procedures for determining the exclusion of other medical/surgical services. Based on information and belief, when medical/surgical services are excluded by the Plan, the exclusion is imposed because the services are deemed experimental/investigational, not medically necessary, or less effective than other less costly alternatives.

### VI.  COUNT I

**Claim for recovery of benefits, clarification of rights under terms of the Plan, and clarification of right to future benefits under the Plan ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

6.1    T.S. re-alleges all the paragraphs above.

6.2    ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

6.3    The terms of an ERISA plan include non-preempted provisions of substantive law, such as the requirements of the Federal Parity Act. The Plan has failed to comply with the terms of the Plan, which include the requirements of the Federal Parity Act and its implementing regulations.

6.4     Federal Parity Act permits plans to exclude all coverage for certain conditions. But because the Plan's ASD-related exclusions are only exclusions for "Behavioral Health" related to ASD, they are not a complete exclusion for all care related ASD and are therefore impermissible under the Federal Parity Act.

6.5     T.S. is entitled to recover benefits due to him under the terms of the Plan. He is entitled to a declaration of present and future rights to coverage of ABA services and other medically necessary mental health treatments to treat his ASD.

## COUNT II
### Claim to enjoin acts and practices in violation of the terms of the Plan, to obtain other equitable relief, and to enforce the terms of the Plan
### ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

7.1     T.S. re-alleges all the paragraphs above.

7.2     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." T.S. seeks to enjoin Defendants from continuing to apply exclusions and limitations on all coverage of ABA therapy to treat qualified mental health conditions. T.S. also seeks corrective notice and reformation of the relevant Plan documents, consistent with the requirements of the Mental Health Parity Act.

7.3     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce Plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B), then T.S. seeks equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, surcharge and consequential damages arising out of the

Defendants' failure to administer the terms of the Plan as modified by the Parity Act and implementing regulations.

7.4　　ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), then N.R. and the class seek equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, surcharge and consequential damages arising out of the Defendants' failure to administer the terms of the Plan as modified by the Parity Act and implementing regulations.

## VII.  PRAYER FOR RELIEF

A.　　Declare that the Plan may not apply contract provisions, policies, or practices that wholly exclude or impermissibly limit ABA services to treat ASD and developmental mental health conditions, given that such exclusions or limitations are not predominately applied to medical and surgical services;

B.　　Enjoin the Plan from further violations of the terms of the Plan as modified by the Federal Parity Act and implementing regulations;

C.　　Award T.S. the value of the ABA therapy services he missed between February 2019 and March 2020 as a result of the Plan's failure to cover the services.

D.　　Award T.S. his attorneys' fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

E.　　Award such other relief as is just and proper.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of June, 2020.

        SAEED & LITTLE, LLP

    By: /s/ Syed Ali Saeed (#28759-49)
       Syed Ali Saeed (#28759-49)
       18 W Vermont Street
       Indianapolis, Indiana 46204
       Telephone: (317) 614-5741
       Facsimile:  1-888-422-3151
       Email:  ali@sllawfirm.com

       Toby J. Marshall*
       Blythe H. Chandler*
       Elizabeth A. Adams*
       TERRELL MARSHALL LAW GROUP PLLC936
       North 34th Street, Suite 300
       Seattle, Washington 98103-8869
       Telephone: (206) 816-6603
       Facsimile: (206) 319-5450
       Email:  tmarshall@terrellmarshall.com
       Email:  bchandler@terrellmarshall.com
       Email: eadams@terrellmarshall.com

       Eleanor Hamburger*
       SIRIANNI YOUTZ SPOONEMORE
         HAMBURGER PLLC
       3101 Western Avenue, Suite 350
       Seattle, Washington 98121
       Telephone: (206) 223.0303
       Facsimile: (206) 223-0246
       Email: ehamburger@sylaw.com

    * Applications for admission pro hac vice
      forthcoming

    *Attorneys for Plaintiffs*