UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| T.S., by and through his parents and guardians, T.M.S. and M.S., individually and derivatively on behalf of the Heart of CarDon, LLC Employee Benefit Plan, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:20-cv-01699-TWP-TAB |
| HEART OF CARDON, LLC, and HEART OF CARDON, LLC EMPLOYEE BENEFIT PLAN, | ) ) ) ) | |
| Defendants. | ) ) | |

**BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT III**

**I.      Introduction**

The defendants' motion for judgment on the pleadings addressing the plaintiffs' two claims under ERISA and the Mental Health Parity and Addiction Equity Act (the "Parity Act") is pending and fully briefed. (ECF Nos. 22, 23, 29, 32.) T.S., by and through his parents and guardians, T.M.S. and M.S., individually and (purportedly) on behalf of the Heart of CarDon, LLC Employee Benefit Plan (collectively, "T.S.") also filed an amended complaint to add a claim under Section 1557 of the Affordable Care Act ("ACA") for disability-based discrimination in CarDon's plan design. (ECF No. 31.) Specifically, T.S. alleges that the defendants unlawfully discriminated against T.S. and others "[b]y excluding benefits for health care related to [Autism Spectrum Disorder], Asperger's[,] and pervasive developmental disorders, and for ABA Therapy specifically." (*See* ECF No. 31 ¶¶ 9.1-9.8.) As with the ERISA and Parity Act claims, this claim is legally insufficient.

Section 1557 of the ACA prohibits race, sex, age, and disability discrimination by citing and incorporating four separate civil rights statutes, which respectively correspond to each of the forms of discrimination prohibited by the ACA. The ACA adopts the enforcement mechanisms of each of the incorporated statutes and is subject to the processes, procedures, and limitations of each statute depending on the form of discrimination alleged. For allegations of disability discrimination under the ACA like the one advanced in this case, Section 504 of the Rehabilitation Act governs. It prohibits disability discrimination by entities receiving federal funding. Importantly, however, the universe of potential claimants who may bring a disability discrimination lawsuit under Section 504 is limited. Although coverage under the Rehabilitation Act is triggered by a defendant's receipt of federal funds, individuals who are not beneficiaries of the specific federal funding cannot be Rehabilitation Act plaintiffs in a lawsuit claiming disability discrimination against that entity.

Here, T.S. asserts that CarDon, as a healthcare provider, accepts federal funding through serving Medicare and Medicaid patients and is therefore subject to the ACA through Section 504 of the Rehabilitation Act. T.S. does not allege, however (nor can he allege), that he is a beneficiary of Medicare and Medicaid payments received by CarDon. As a matter of law, then, T.S. is not a proper plaintiff under the ACA, and the Court must dismiss Count III.

## II.    Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to request judgment following the filing of the complaint and answer. *Supreme Laundry Serv., L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). In considering a motion for judgment on the pleadings, a court looks to the pleadings, documents incorporated by reference in the pleadings. *United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991). If a defendant raises a

Rule 12(b) defense in a Rule 12(c) motion, a "Rule 12(b)(6)-type analysis applies." *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 619 (7th Cir. 2007). Under such an analysis, the court views "the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (internal quotations omitted)). However, the court "need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to unsupported conclusions of law." *Id.*

### III.    Facts Taken as True for This Motion Only

CarDon is engaged in the business of providing healthcare and receives federal financial funds in the form of Medicaid and Medicare payments. (ECF No. 31, First Am. Compl. ¶¶ 1.3, 4.4, 9.3.) The employee benefit plan at the center of this case (the "Plan") is a self-funded group plan that provides medical/surgical benefits and mental health/substance use disorder benefits to CarDon employees and their dependents, such as T.S. (ECF No. 31, First Am. Compl. ¶¶ 1.1-1.2.) CarDon is the Plan sponsor. (ECF No. 31, First Am. Compl. ¶¶ 1.3-1.4.)

T.S. is a minor with Autism Spectrum Disorder ("ASD"). (ECF No. 31, First Am. Compl. ¶ 6.1.) T.S.'s ASD is a mental impairment that substantially limits one or more of T.S.'s major life activities. (ECF No. 31, First Am. Compl. ¶¶ 6.2, 9.4.) The Plan's third-party administrator denied coverage for T.S.'s ABA Therapy services, ultimately explaining: "No benefits allowed for this service/diagnosis. See the General Exclusions under your plan." (ECF No. 31, First Am. Compl. ¶¶ 6.9-6.11; ECF No. 31-1 at 23-33.) T.S.'s mother appealed the benefits determination but received a return letter stating that the claims were correctly denied because "the diagnosis [Autism Spectrum Disorder] is not covered" by the Plan. (ECF No. 31, First Am. Compl.

¶¶ 6.14-6.16; ECF No. 31-2 at 4-5.) In this lawsuit, CarDon argues that the Plan categorically excludes coverage of T.S.'s ASD. (ECF No. 31, First Am. Compl. ¶ 6.29; ECF No. 23 at 1.)

## IV.     T.S.'s Legal Claim Under the ACA

T.S. alleges that the Plan's categorical exclusion of all coverage for ASD, Asperger's, and pervasive developmental disorders violates Section 1557 of the ACA because it is disability discrimination. (ECF No. 31, First Am. Compl. ¶ 6.30.) T.S. claims that CarDon has and is unlawfully discriminating against T.S. and others like him by the way it designed the Plan. (ECF No. 31, First Am. Compl. ¶¶ 9.4-9.8.)

## V.     Argument

Section 1557 of the ACA prohibits race, sex, age, and disability discrimination in "health programs or activities" that receive federal financial assistance, referencing and citing 42 U.S.C. § 2000d ("Title VI") for race, 20 U.S.C. § 1681 ("Title IX") for sex, 42 U.S.C. § 6102 (the "Age Discrimination Act") for age, and 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act— hereinafter "Section 504") for disability. 42 U.S.C. § 18116(a). It then provides that "[t]he enforcement mechanisms provided for and available under such title VI, title IX, [Section 504], or such Age Discrimination Act shall apply for purposes of violations of this subsection." 42 U.S.C. § 18116(a).

Applying the plain text of the statute—and acknowledging that Section 1557 of the ACA incorporates the four enforcement mechanism statutes expressly and without additional qualifications—courts have held that if the applicable, underlying enforcement statute does not allow for a particular claim, then an ACA claim alleging the same type of discrimination also is prohibited. *See Briscoe v. Health Care Serv. Corp.*, 281 F.Supp.3d 725, 738 (N.D. Ill. 2017) (explaining ACA limitations based on Title IX related discrimination); *Ohio Nurses Ass'n v.*

*Ashtabula Cty. Med. Ctr.*, 2020 WL 4390524, at *5 (N.D. Ohio July 31, 2020) (same); *Weinreb v. Xerox Bus. Servs.*, No. 2020 WL 4288376, at *3-4 (S.D.N.Y. July 27, 2020) (same); *Solis v. Our Lady of the Lake Ascension Cmty. Hosp., Inc.*, 2020 WL 2754917, at *2-3 (M.D. La. May 27, 2020) (holding that the statute of limitations applicable to Section 504 applied to an ACA claim of disability discrimination).

Here, T.S. alleges disability discrimination, so the appropriate enforcement statute is Section 504. "Section 504 was modeled after, and Congress intended that it be enforced in the same manner as, the antidiscrimination mandate of . . . Title VI." *Simpson v. Reynolds Metals Co.*, 629 F.2d 1226, 1235 (7th Cir. 1980). "Thus, the limitations on judicial enforcement of Title VI apply to private suits brought under [Section 504]." *Id.* In such lawsuits, "the plaintiff must be the intended beneficiary of, an applicant for, or a participant in a federally funded program." *Id.*; *see also Parks v. Speedy Title & Appraisal Review Servs.*, 318 F.Supp.3d 1053, 1068 (N.D. Ill. 2018) (where plaintiff failed to state a claim under Title VI because she did not "allege that she [was] the intended beneficiary of any such program"); *Doe v. Woodridge Elementary Sch. Dist. No. 68 Bd. of Educ.*, No. 04 C 8250, 2005 WL 910732, at *2 (N.D. Ill. Apr. 13, 2005) (parent lacked standing under Title VI because she was not intended beneficiary of federal funding).

In cases where Medicare and Medicaid payments are the source of the federal funding, the intended beneficiaries of such funding are the patients receiving healthcare treatment. *Doe on Behalf of Doe v. St. Joseph's Hosp. of Fort Wayne*, 788 F.2d 411, 418-19 (7th Cir. 1986), *overruled on other grounds*; *see also Bissada v. Arkansas Children's Hosp.*, 2009 WL 1010869, at *12 (E.D. Ark. Apr. 14, 2009) (citing and quoting various sources). Consequently, if someone other than a patient brings such a claim, Title VI liability (and therefore Section 504 liability) is not triggered. *Bissada*, 2009 WL 1010869, at *12. That is, where a plaintiff's

"complaint is devoid of any other allegations which indicate that [the defendant] participates in a federally funded program which is intended, primarily or otherwise, to benefit the [plaintiff]," the plaintiff has not stated a cause of action under Title VI (or Section 504). *Vuciecevic v. MacNeal Mem'l Hosp.*, 572 F.Supp. 1424, 1430 (N.D. Ill. 1983); *see also Shebley v. United Cont'l Holdings, Inc.*, 357 F.Supp. 3d 684, 694 (N.D. Ill. 2019) ("[Plaintiffs] have not pleaded that they are the intended beneficiaries of any federal financial assistance received by Defendants, as required for standing under Title VI.").

A recent final rule adopted by the Department of Health and Human Services ("HHS") regarding Section 1557 of the ACA harmonizes with the above-referenced case law. *See* Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020) (available at 2020 WL 3298450 and cited as such *infra*). There, HHS explained that its "final rule does not extend . . . enforcement authority to a covered entity that is not principally engaged in the business of providing healthcare ***to the extent of its operations that do not receive financial assistance from the Department***." *Id.* (emphasis supplied). Moreover, "an entity . . . otherwise engaged in the business of providing health insurance shall not, by virtue of such provision, be considered to be principally engaged in the business of providing healthcare." 45 C.F.R. § 92.3(c). In other words, Section 1557 of the ACA is enforceable and applicable only to the aspects of an entity's operations that receive federal financial assistance from HHS, and courts must consider separately the operations of an entity that provides both healthcare and healthcare insurance to determine whether Section 1557 of the ACA is implicated. *See* 45 C.F.R. § 92.3(b)-(c).

Here, T.S. asserts that the defendants provide (1) healthcare to patients for which CarDon receives Medicare and Medicaid payments and (2) health insurance to individuals covered by the

Plan. (ECF No. 31, First Am. Compl. ¶¶ 1.1-1.4, 4.4, 9.3.) The defendants do not provide healthcare services to T.S., however, and the Medicare and Medicaid payments CarDon receives as a healthcare provider to its patients are separate and unconnected to the Plan that CarDon offers to its employees and their dependents. (*Id.*) In other words, the First Amended Complaint acknowledges that CarDon is both a healthcare provider and a health insurance provider. As to those distinct operations—as set forth in the regulations and case law—claims under the ACA, through Section 504, are limited to a class of plaintiffs who are the beneficiaries of the specific federal funding implicated. *See Shebley*, 357 F.Supp.3d at 694; *Vuciecevic*, 572 F.Supp. at 430; 45 C.F.R § 92.3.

As pleaded here, the Medicare and Medicaid payments CarDon receives as a healthcare provider benefit CarDon's healthcare patients, not T.S. or other beneficiaries of the Plan. Indeed, T.S. has failed to plead, and cannot plead, facts to connect the Medicare and Medicaid payments to Plan beneficiaries like T.S. because T.S. is not CarDon's healthcare patient. T.S. has, therefore, failed to state a claim under Section 504 because T.S. is not a beneficiary of the federal funds CarDon receives through Medicare and Medicaid. *See Shebley*, 357 F.Supp.3d at 694; *Vuciecevic*, 572 F.Supp. at 430. Indeed, the Plan is an "employer-sponsored group health plan[] [that] do[es] not receive Federal financial assistance and [is] not principally engaged in the business of providing healthcare." 2020 WL 3298450 at *37,173. Consequently, with respect to the Plan, the ACA simply does not apply to T.S.'s claim. *Id.* T.S.'s ACA claim therefore fails as a matter of law, and the Court must dismiss Count III of the First Amended Complaint.

## VI. Conclusion

As explained above, Count III in the First Amended Complaint fails as a matter of law. Accordingly, the defendants respectfully request that this Court enter judgment on the pleadings in their favor on this claim.

Respectfully submitted,

*/s/ Andrew M. McNeil*

Andrew M. McNeil (#19140-49)
Mark A. Wohlford (#31568-03)
W. James Hamilton (#20155-49)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000; (317) 684-5173 (Fax)
amcneil@boselaw.com
mwohlford@boselaw.com
jhamilton@boselaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2020, a copy of the foregoing "Brief in Support of Defendants' Motion for Judgment on the Pleadings on Count III" was filed electronically. Notice of this filing will be served on the following counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Syed Ali Saeed, Esq.<br>Saeed & Little, LLP<br>18 West Vermont Street<br>Indianapolis, IN  46204<br>ali@sllawfirm.com | Toby J. Marshall, Esq.<br>Blythe H. Chandler, Esq.<br>Elizabeth A. Adams, Esq.<br>Terrell Marshall Law Group PLLC936<br>North 34th Street, Suite 300<br>Seattle, WA  98103-8869<br>tmarshall@terrellmarshall.com<br>bchandler@terrellmarshall.com<br>eadams@terrellmarshall.com |
| Eleanor Hamburger, Esq.<br>Sirianni Youtz Spoonemore Hamburger PLLC<br>3101 Western Avenue, Suite 350<br>Seattle, WA  98121<br>ehamburger@sylaw.com | |

/s/ Andrew M. McNeil
Andrew M. McNeil

3935703

9